**Artur AZATYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–74837.**

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Audrey B. Hemesath, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, Jocelyn Lopez Wright, Eric W. Marsteller, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, LEAVY, and TASHIMA, Circuit Judges.

MEMORANDUM **

Artur Azatyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an IJ's credibility

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**628**

determination and will uphold the agency's decision unless the evidence compels a contrary conclusion. *See Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). We deny the petition for review.

The record does not compel the conclusion that Azatyan's asylum application was timely filed or that the untimely filing of the asylum application should be excused. *See Ramadan v. Gonzales,* 479 F.3d 646, 648, 656 (9th Cir.2007).

Substantial evidence supports the IJ's credibility determination. Azatyan testified inconsistently regarding whether he fled Armenia because his life was in danger and he had suffered persecution, or instead whether he left Armenia to pursue his studies and only feared returning because he later learned that circumstances had changed. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). This inconsistency goes to the heart of his claim and is sufficient to support the IJ's adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). In the absence of credible testimony, Azatyan has failed to establish that he is eligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

Substantial evidence supports the BIA's denial of CAT protection. Azatyan has failed to demonstrate that it is more likely than not that he will be tortured by or with the acquiescence of the government if removed to Armenia. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194–95 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**